**VIDEO UPDATE, INC., a Minnesota corporation, Plaintiff,**

v.

**Ronald N. GUENTHER and Annis Guenther, jointly, individually and as guarantors, dba Video Update # 70, Defendants.**

**Ronald N. GUENTHER and Annis Guenther, Counterplaintiffs,**

v.

**VIDEO UPDATE, INC., a Minnesota corporation, John Bedard and Daniel Potter, Counterdefendants.**

Civ. No. 4–89–349.

United States District Court, D. Minnesota, Fourth Division.

July 26, 1990.

Gene H. Hennig, Robert B. Jaskowiak and Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for plaintiff.

Joseph W. Anthony, Paul M. Floyd, and Fruth & Anthony, Minneapolis, Minn., for defendants Ronald N. and Annis Guenther.

ORDER

DOTY, District Judge.

This matter is before the court on the motion for summary judgment by defen-

dants and counterclaim plaintiffs. Based on the briefs and arguments of counsel and the record, file, and proceedings herein, defendants' motion will be granted.

## BACKGROUND

Defendants Ronald and Annis Guenther determined to open a small business after retiring from their positions in the field of education. After researching a number of opportunities, the Guenthers decided to purchase a video rental business. They approached plaintiff Video Update, Inc. ("Video Update") concerning a possible franchise during the summer of 1985. The dispute giving rise to the motion now before the court developed from the Guenthers' receipt from Video Update of franchise information and their subsequent purchase of a Video Update franchise on August 27, 1985. The franchise did not do well, and eventually ended in bankruptcy.

In its complaint Video Update accuses the Guenthers of defaulting on the payments due under the franchise agreement. The Guenthers charge that Video Update violated its statutory duty to disclose current information regarding its franchise, and that accordingly, they are entitled to rescind the franchise agreement and obtain costs and attorney's fees they have incurred.

The following summary of what was and was not disclosed to the Guenthers is undisputed. On August 21, 1984, the Illinois Attorney General approved Video Update's original 1984 Illinois Uniform Franchise Offering Circular/Disclosure Statement ("UFOC"). On February 19, 1985, the Attorney General approved Video Update's amended 1984 UFOC. On July 19, 1985, Video Update filed its proposed 1985 UFOC with the Attorney General. On July 24, 1985, the Attorney General withheld approval of the proposed 1985 UFOC pending receipt of additional information. In his July 24, 1985, letter to Video Update, the Attorney General prohibited any sales of Video Update franchises *after* the amended 1984 UFOC expired, which occurred on August 20, 1985, until the 1985 UFOC was approved. (*See* Video Update's Memoran-

dum at 5; Gallivan Affidavit, Exh. F). On August 12, 1985, Video Update provided the Guenthers with the amended 1984 UFOC. On August 13, 1985, the Attorney General approved Video Update's 1985 UFOC, *"subject to "* receipt of additional information. On August 15, 1985, Video Update received the Attorney General's August 13, 1985, letter granting approval of the 1985 UFOC. On August 27, 1985, the Guenthers signed the franchise agreement. On September 5, 1985, the Attorney General gave final approval to the 1985 UFOC. On September 9, 1985, Video Update received the Attorney General's final approval of the 1985 UFOC.

The Guenthers contend that Video Update violated Illinois Franchise Law by failing to disclose to them the 1985 UFOC. Video Update contends that they properly disclosed only the amended 1984 UFOC.

## DISCUSSION

Summary judgment is appropriate where the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The facts presented on a motion for summary judgment must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (citing *Adickes v. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). The non-moving party, however, may not rest on his pleadings. He must set forth specific facts, by affidavits or otherwise, which show the existence of a genuine issue for trial. Fed. R.Civ.P. 56(e). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. at 2510.

The Illinois Franchise Disclosure Act, Ill. Rev.Stat. Ch. 121½, ¶¶ 701–740 (1985) (the "Illinois Act"), requires franchisors who sell or offer to sell franchises in Illinois to provide prospective franchisees with information in the form of a pre-authorized disclosure statement, known as a Uniform

Franchise Offering Circular or UFOC. Failure to do so is a prohibited act under paragraph 704(2) of the Illinois Act, which provides:

(2) It is unlawful for any person to offer or sell in this state any franchise which is subject to this Act without first providing to the prospective franchisee or subfranchisor, at least seven days prior to the execution by the prospective franchisee or subfranchisor of any binding franchise or other agreement, or at least seven days prior to the receipt by such person of any consideration, whichever occurs first, a copy of an effective disclosure statement registered with the administrator meeting the requirements of this act, together with a copy of all proposed agreements relating to the sale of a franchise.

Ill.Rev.Stat. Ch. 121½, ¶ 704(2) (1985). The purpose of franchise disclosure statute is:

(a) To provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered for sale; and

(b) To protect the franchisee and the franchisor by providing a better understanding of the business and the legal relationship between the franchisor and the franchisee.

Ill.Rev.Stat. Ch. 121½, ¶ 702(2). The Illinois Act also states that it "shall be liberally construed to effect the purposes thereof." Ill.Rev.Stat. Ch. 121½, ¶ 738. Failure to adhere to the disclosure requirements of the Illinois Act results in strict liability.

Based on its review of the factual record the court concludes that Video Update failed to provide the Guenthers with a registered effective disclosure statement as required under paragraph 704(2) of the Illinois Act. Video Update circumvented the purposes of the Illinois Act by giving the Guenthers only the outdated amended 1984 UFOC instead of the then conditionally approved 1985 UFOC prior to the Guenthers signing the franchise agreement on August 27, 1985. While the amended 1984 UFOC was effective on August 12, 1985, when Video Update sent it to the Guenthers, Video Update knew that its effectiveness would expire on August 20, 1987, seven days before the date set for signing the franchise agreement. Thus, at the time the agreement was executed it was not an "effective" disclosure statement as required under the Illinois Act. Furthermore, on August 15, 1987, Video Update was informed by the Illinois Attorney General that their proposed 1985 UFOC had been approved as of August 12, 1987, subject to submission of information. That was more than seven days prior to the Guenthers' signing of the franchise agreement. Having been apprised of the 1985 UFOC approval, Video Update nevertheless failed to provide the Guenthers with a copy of it. One obvious purpose of the Illinois Franchise Act is to require franchisors to disclose current information to potential franchisees so that a franchisee can make an informed decision. Video Update's conduct violated that purpose.

Video Update argues that the date on which it was obligated to provide an effective disclosure statement under ¶ 704(2) was the date of "sale," as that term is defined in ¶ 703(21)(a) of the Act. Paragraph 703(21)(a) provides that "[a] sale of a franchise is made in this state when an offer to sell is made in this state, or an offer to buy is accepted in this state, or, if the franchisee is domiciled in this state, the franchised business is or will be operated in this state." Video Update focuses on the first clause in ¶ 703(21)(a) and contends that its submission to the Guenthers of the amended 1984 UFOC on August 12, 1987, constituted an offer to sell, that on that date there is no dispute that the amended 1984 UFOC was effective and therefore it complied with the disclosure requirements of the Act by providing an effective UFOC on the date of "sale". Video Update contends that if it had sent the Guenthers a copy of the 1985 proposed UFOC on August 12, 1987, it would have violated the Act since on that date the 1985 UFOC had not been approved.

Video Update misinterprets the requirements of ¶ 704(2). First, it is contrary to logic to define the date of sale as the date an offer to sell is made or the date a UFOC is sent. Under long established sales and contract principles, a sale does not occur until an offer to sell has been made, an

acceptance of that offer has been given, and some form of consideration has been rendered. Video Update's argument would lead to the absurd result that if a UFOC was sent to a prospective franchisee months or years prior to the signing of a franchise agreement, and the UFOC was effective at the time it was sent, but not effective on the date of signing, it would have complied with the requirements of ¶ 704(2). Such an approach vitiates the purpose of the Franchise Act "to provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises offered for sale."

It is clear from the plain language of ¶ 704(2) that an effective UFOC must be in the hands of the prospective franchisee when the binding agreement is executed or the franchisee pays to the franchisor any consideration. Here that was not done.

Based on the foregoing, IT IS HEREBY ORDERED that defendants and counterclaim plaintiffs' motion for partial summary judgment is granted.