Thomas HUNT, Gary Heist, Roger Harris, and Bernard Gruenke, in their capacity as participants in the Continental Machines, Inc. Employees' Trust, individually and on behalf of the Continental Machines, Inc. Employees' Trust, Plaintiffs,

v.

Steffen I. MAGNELL, individually and in his capacity as Trustee of the Continental Machines, Inc. Employees' Trust, and in his capacity as the administrator of the estate of Ernest L. Drew, and Stephen R. Weldon, individually and in his capacity as Trustee of the Continental Machines, Inc. Employees' Trust, Defendants.

Civ. No. 3–89–756.

United States District Court,
D. Minnesota,
Third Division.

March 8, 1991.

**1294**

Carol T. Rieger, Jonathan M. Bye and Luke H. Terhaar, Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

Denise L. Yegge and Seymour J. Mansfield, Mansfield & Tanick, Minneapolis, Minn., for defendant Steffen I. Magnell.

Karla R. Wahl, Minneapolis, Minn., for defendant Stephen R. Weldon.

## ORDER

DEVITT, District Judge.

### Introduction

This action based upon the Employee Retirement Income Security Act ("ERISA") is before the court for the consideration of various motions brought by all parties. Plaintiffs move for partial summary judgment and ask the court to strike certain affidavits filed by defendants. Defendants move for the dismissal of certain counts of plaintiff's complaint and for summary judgment on other counts.[1] For the reasons set forth below, the court denies plaintiffs' motions. The court grants defendants' motion for summary judgment based upon ERISA's statute of limitations and denies defendants' motion for summary judgment based upon plaintiffs' failure to prove proximate cause.

### Background

Defendants are former trustees of the Continental Machines, Inc. Employee's Trust ("the trust"). Plaintiffs are participants and current trustees of the trust.

Plaintiffs commenced this action on November 17, 1989 alleging essentially that defendants invested certain of the trust's assets in dereliction of the fiduciary duties imposed by ERISA.

Continental Machines, Inc. ("Continental") is located in Savage, Minnesota and manufactures metal cutting machine tools and hydraulic components and control systems. From 1982 through mid-December, 1986, Ernest L. Drew ("Drew") and defendant Steffen I. Magnell ("Magnell") served as trustees of the trust.[2] Defendant Stephen R. Weldon ("Weldon") became a trustee in December, 1983 and likewise served in that capacity through mid-December, 1986. Until December, 1986, the Leighton Wilkie and C.J. Wilkie families shared ownership of Continental. At that time, the Leighton Wilkie family purchased the C.J. Wilkie family's share of Continental. This change in ownership caused defendants to cease serving as trustees on or about December 18, 1986.

On occasion, defendants represented to trust participants that trust assets would be invested conservatively. In a letter dated February 23, 1982, Magnell and Drew stated: "Since 1977, the Trustees have followed a conservative policy investing the majority of the plan assets in Guaranteed Interest Contracts (G.I.C.'s) issued by various insurance companies." In another letter, dated December 14, 1984, Magnell, Drew, and Weldon stated: "The investment objectives of the Trust to which the Trustees adhere to, are very conservative in nature and represent the basis for all investments in the trust." Defendants also sought investments that would provide a cash flow sufficient to satisfy the normal level of participant withdrawals.

The present motions involve principally defendants' decisions to devote trust funds to six different investments: (1) $80,000 in BioNexus, Inc. ("BioNexus"); (2) $119,000 in Charlton Industries, Inc. ("Charlton"); (3) $50,000 in Basics Partnership ("Ba-

---

1. The court has considered affidavits and other documents outside the pleadings and, therefore, treats defendants' motions as summary judgment motions pursuant to Rule 56.

2. Drew is deceased; Magnell is therefore named as a defendant both individually and in his capacity as the administrator of Drew's estate.

sics"); (4) $150,000 in Dain Real Estate Limited Partnership I ("Dain"); (5) $1.8 million in Regent Security Partners III ("RSP III"); and (6) $150,000 in Matterhorn, Inc. ("Matterhorn"). The pertinent facts surrounding each of these investments will be described briefly.

On April 19, 1982, the trust purchased $80,000 worth of non-publicly traded shares in BioNexus. BioNexus had been developing a method of non-surgical female sterilization which it sought to market. Prior to investing in BioNexus, the trustees[3] attended presentations by Dain Bosworth and Medtronic, Inc. Through these presentations the trustees obtained financial and product information concerning BioNexus. For example, the trustees discovered that BioNexus received significant financial support from Medtronic and that Medtronic's chief financial officer served as chief executive officer for BioNexus. The trustees also learned that BioNexus had approximately $30,000 of available capital and $3.16 million in debt.

Sometime prior to September 22, 1983, the trust purchased $119,000 worth of stock in Charlton, a non-publicly traded corporation that manufactured leaded glass. Dain Bosworth strongly recommended the investment, and trustee Hugh Turnbull gathered information concerning Charlton. Turnbull was selected to investigate Charlton because of his background in machine related technologies. The trustees learned that Charlton had never operated profitably and that the company's cumulative operating loss exceeded $1 million. After discussion, however, the trustees concluded that Charlton had significant potential.

On October 29, 1982, the trust executed a subscription agreement for the purchase of a $50,000 limited partnership interest in Basics, a firm developing computer software. Though Basics was attempting to enter a competitive market, the trustees regarded the firm highly, particularly because it had developed educational software.

The trust purchased fifty units in the Dain limited partnership for $150,000 on May 24, 1983. Evidently, Dain owned three apartment developments. Prior to making the investment the trustees attended a meeting and slide presentation and reviewed various documents. The trustees concluded that an investment in Dain would diversify the trust's assets and provide cash flow.

On November 14, 1986, the trust purchased $1.8 million worth of shares in RSP III, a limited partnership formed to purchase accounts for the electronic monitoring of home and business security systems. The trustees investigated RSP III after receiving unsolicited informational materials in the spring of 1986. That summer, defendant Weldon attended a presentation by the RSP III principals. Weldon then circulated information among the trustees, obtained independent information concerning the security alarm business generally, and conferred with a trustee of another retirement fund which had already invested in RSP III.

Successor trustees Roger E. Harris, James W. Parkin, and Leonard F. LaNoue were appointed after defendants ceased serving as trustees in December, 1986.[4] In early January, 1987 the successor trustees retained Norwest Bank to assist as agent in administering the trust. The successor trustees transferred the trust's marketable assets to Norwest Bank and reviewed other, less liquid investments in an effort to determine an appropriate course of action. The parties appear to agree that the trust has incurred significant loss.

### Discussion

Plaintiffs seek partial summary judgment establishing (1) that defendants breached their fiduciary duties by inadequately investigating the merits of and acquiring the above-described investments,

---

**3.** Defendant Magnell, Hugh G. Turnbull, and Ron Payne served as named fiduciaries at the time of the BioNexus investment.

**4.** Leonard F. LaNoue left Continental after the commencement of this action and is no longer a trustee of or a participant in the trust. Gary Heist, a current trustee and participant, has been substituted as a named plaintiff.

and (2) that defendants are liable for trust losses proximately caused by the breach. Plaintiffs also move to strike several affidavits filed by defendants in conjunction with the pending motions. Defendants move for partial summary judgment on various grounds. Defendants claim that ERISA's statute of limitations bars plaintiffs' claims relating to the BioNexus, Charlton, Basics, and Dain investments (counts II, IV, V, VI, and part of count VII of plaintiffs' complaint). Defendant Weldon moves for summary judgment on the same counts contending that he was not a fiduciary with respect to the investments challenged in those counts. Defendants also move for summary judgment on the ground that defendants' conduct did not proximately cause the trust to incur damage in connection with the RSP III investment (count I and part of count VII).

## A.

The court first addresses plaintiffs' motion to strike defendants' affidavits. Plaintiffs contend that the affidavits must be stricken because (1) the affiants do not testify from personal knowledge; and (2) defendants did not timely identify the affiants in response to plaintiffs' interrogatories concerning trial witnesses. Defendants respond that the affidavits are based upon personal knowledge, and that defendants only recently became aware of the information set forth in the affidavits.

The court will deny plaintiffs' motion to strike. Upon review of defendants' affidavits, the court is satisfied that the challenged affiants testify from personal knowledge. With the exception of Roger E. Larson, defendants do not appear to portray the subject affiants as experts. Defendants' failure to identify affiants in response to plaintiffs' interrogatories does not prejudice plaintiffs. Defendants represent that they will disclose to plaintiffs prior to trial the identity of any fact or expert witnesses defendants intend to call. Further, defendants maintain that they have no present intention to call any of the affiants to testify as experts at trial.

5. *See* 29 U.S.C. § 1002(3).

## B.

 The court next addresses the various motions for summary judgment. Summary judgment is an extreme remedy and is only appropriate where the pleadings and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Loudermill v. Dow Chemical Co.*, 863 F.2d 566, 571 (8th Cir.1988). To successfully oppose a motion for summary judgment, a party must present evidence, by affidavits or otherwise, from which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Video Update, Inc. v. Guenther*, 741 F.Supp. 172, 173 (D.Minn.1990). "The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2513.

### 1.

 Plaintiffs move for partial summary judgment seeking a determination that defendants breached their fiduciary duty in connection with the investigation and acquisition of certain trust investments. Defendants respond that numerous genuine and material fact disputes surround defendants' performance as trustees.

 ERISA imposes upon the trustees of an employee benefit plan[5] the duty to fulfill their responsibilities:

> with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

29 U.S.C. § 1104(a)(1)(B). ERISA also requires that trustees diversify a plan's investments "to minimize the risk of large losses." 29 U.S.C. § 1104(a)(1)(C). The court must evaluate the challenged conduct of a fiduciary "in light of the 'character

and aims' of the particular type of plan he serves." *Donovan v. Cunningham,* 716 F.2d 1455, 1467 (5th Cir.1983), *cert. denied,* 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 839 (1984); *see, GIW Industries, Inc. v. Trevor, Stewart, Burton, & Jacobsen, Inc.,* 895 F.2d 729, 732–33 (11th Cir.1990) (fiduciary held liable for failing to tailor investments to fit specific needs of fund).[6]

The court will deny plaintiffs' motion for partial summary judgment. Genuine and material disputes exist regarding the extent to which defendants inquired into the challenged investments. Defendant Magnell submitted affidavit testimony tending to show that defendants studied the challenged ventures in some depth prior to investing. *See* Affidavit of Steffen I. Magnell [clerk's entry 59], ¶¶ 8, 9, 13–19. Defendants also offer the affidavit testimony of Roger E. Larson, an independent consultant with extensive experience in the areas of securities analysis and investment administration, tending to show that the challenged investments were reasonable. *See* Affidavit of Roger E. Larson [clerk's entry 61].[7] These examples do not describe exhaustively the fact disputes at issue, but serve to illustrate the inappropriateness of partial summary judgment in favor of plaintiffs.[8]

2.

■ Defendants move for summary judgment with respect to the counts of plaintiffs' complaint relating to the BioNexus, Charlton, Basics, and Dain investments (counts II, IV, V, VI, and part of count VII). Defendants contend that ERISA's statute of limitations bars plaintiffs' claims relating to these investments. *See* 29 U.S.C. § 1113. Absent fraud or concealment by the trustees, ERISA's statute of limitations bars claims for breach of fiduciary duty commenced after the earlier of:

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113.[9]

■ In the event the trustees resorted to fraud or concealment to prevent the discovery of a breach of fiduciary duty, ERISA permits actions "commenced not la-

---

**6.** The fiduciary standard imposed by ERISA requires essentially the application of a reasonableness standard. *Pension Fund—Mid Jersey Trucking Industry—Local 701 v. Omni Funding Group,* 731 F.Supp. 161, 169 (D.N.J.1990). Rarely will such a determination be appropriate on a motion for summary judgment. *Id.*

**7.** Magnell's affidavit testimony fails to describe the extent of defendants' investigation in exceedingly great detail, and Larson's testimony appears open to challenge. However, the undisputed facts do not portray a level of indiscretion similar to that described in cases granting identical motions. *See, Dardaganis v. Grace Capital, Inc.,* 664 F.Supp. 105, 108–110 (S.D.N.Y.1987) (granting partial summary judgment on issue of liability against trustees who exceeded equity holdings limit imposed by investment management agreement), *aff'd,* 889 F.2d 1237 (2d Cir. 1989); *Whitfield v. Cohen,* 682 F.Supp. 188, 195 (S.D.N.Y.1988) (granting partial summary judgment on issue of liability against trustees who failed to evaluate prospective investments).

**8.** Defendants, in their brief in opposition to plaintiffs' motion for partial summary judgment, allege the existence of numerous factual disputes without specific reference to supporting authority in the record. *Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment,* at 19–20. The court finds this practice bothersome, particularly where, as here, the parties submit hundreds of pages of deposition transcripts, exhibits and affidavit testimony. Defendants are admonished to provide thorough and appropriate citation to the record in the future.

**9.** Defendants, in their brief in support of the motion for summary judgment based upon the statute of limitations, state: "If there is no fraud or concealment * * * the six-year period can be reduced to three years if the Defendant can show that the Plaintiff had either *actual or constructive knowledge* of the breach or violation and it would result in an earlier date than the six-year period." (emphasis supplied). However, 29 U.S.C. § 1113 demands that plaintiffs possess actual knowledge of the breach or violation to invoke the three year statute of limitations. *Brock v. Nellis,* 809 F.2d 753, 755 (11th Cir.1987); *cert. dismissed, Guild v. Brock,* 483 U.S. 1057, 108 S.Ct. 33, 97 L.Ed.2d 821 (1987); *Useden v. Acker,* 734 F.Supp. 978, 980 (S.D.Fla. 1989).

ter than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113. Our Eighth Circuit Court of Appeals interprets the phrase "fraud or concealment" to incorporate into ERISA the doctrine of fraudulent concealment. *Schaefer v. Arkansas Medical Society*, 853 F.2d 1487, 1491 (8th Cir.1988); *Radiology Center, S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220 (7th Cir.1990). This doctrine requires:

> that plaintiffs show (1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrongdoing and that (2) [plaintiffs] were not on actual or constructive notice of that evidence, despite (3) [plaintiffs'] exercise of due diligence.

*Schaefer*, 853 F.2d at 1491–92.

■ Plaintiffs contend that defendants fraudulently concealed the challenged investments by (1) sending a letter to trust participants in December, 1984, which stated that defendant trustees pursued a conservative investment strategy, and (2) failing to record journal entries for transactions occurring in the three and one-half months preceding December, 1986. The court finds these allegations insufficient as a matter of law to establish "fraud or concealment." Initially, the court notes that plaintiffs' complaint contains no particular allegations of fraud as required by Federal Rule of Civil Procedure 9(b).[10] Moreover, typically in November of every year, Defendants provided trust participants with copies of an audited financial statement disclosing the assets held for investment and transactions in excess of three percent of the current value of trust assets. In the face of such broad disclosure, the single statement of investment

policy cited by plaintiffs does not demonstrate that defendants intended to fraudulently conceal trust investments. Plaintiffs have also failed to allege that defendants attempted to conceal their activities in connection with the investigation and purchase of the challenged investments. Finally, plaintiffs have failed to explain how defendants' failure to record certain journal entries in the fall of 1986 demonstrates the fraudulent concealment of investment transactions occurring years before. The court concludes that defendants did not fraudulently conceal the BioNexus, Charlton, Basics, and Dain investments.

■ Defendants argue that ERISA's three-year statute of limitations applies to plaintiffs' claims in counts II, IV, V, VI, and part of count VII because plaintiffs had actual knowledge of the breach or violation through the audited financial statements distributed annually to plan participants as early as November, 1983.[11] However, plaintiffs' allegations of fiduciary breach concern defendants' alleged failure to reasonably inquire into the merits of certain investments. Audited financial statements of the type distributed by defendants cannot alone communicate the existence of a breach of fiduciary duty in this respect.[12] The court finds that plaintiffs did not have actual knowledge of a breach or violation via the audited financial statements distributed by defendants. Unfortunately, defendants do not proffer an alternative date upon which plaintiffs gained actual knowledge of the breach or violation.

Absent such guidance, the court is left to ascertain the date upon which the six-year statute of limitations set forth in 29 U.S.C. § 1113(1)(A) commenced to run. Neither party discusses meaningfully the import of

10. Fed.R.Civ.P. 9(b) provides:
 **Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity.
 *See, Fink v. National Savings and Trust Company*, 772 F.2d 951, 959 (D.C.Cir.1985) (requiring some particularized allegation of fraud at the pleading stage).

11. Defendants also contend plaintiffs gained actual knowledge through "lists of investments [which] were posted from time to time so that

employee/participants knew what was occurring." However, defendants do not specify when these lists were posted; neither have defendants submitted a copy of a posted investment list.

12. *Cf., Fink*, 772 F.2d at 957 (D.C.Cir.1985) ("a failure to perform the most basic of fiduciary duties, that of independent evaluation, is not disclosed simply by the filing of required forms.").

29 U.S.C. § 1113(1)(B) concerning fiduciary omissions. The parties appear to agree that, in the event the six year statute of limitations set forth in section 1113(1) applies, it commenced to run on "the date of the last action which constituted a part of the breach or violation." 29 U.S.C. § 1113(1)(A).

Defendants argue that plaintiffs' claims of fiduciary breach in connection with the BioNexus, Charlton, Basics, and Dain investments challenge only the reasonableness of the investigation undertaken by defendants prior to acquiring the investments. Defendants' characterization of the basis for these counts would bar plaintiffs' claims as the purchase of each of these investments occurred more than six years prior to the commencement of this lawsuit.[13] Plaintiffs respond that defendant's characterization of plaintiffs' claims is too narrow. In their brief in opposition to defendants' motion, plaintiffs aver that the challenged investments fell far short of anticipated goals, and caused the trust to incur significant loss. From this, plaintiffs conclude that defendants breached their fiduciary duties "throughout their trusteeship until they resigned in December, 1986."

■■■ The court recognizes that, under ERISA, a trustee's fiduciary responsibilities with respect to an investment do not terminate upon the conclusion of preliminary investigation and purchase of the asset. *See, Whitfield v. Cohen,* 682 F.Supp. 188, 196 (S.D.N.Y.1988); *citing Public Service Company of Colorado v. Chase Manhattan Bank,* 577 F.Supp. 92, 104 (S.D.N.Y.1983). ERISA fiduciaries must monitor investments with reasonable diligence and dispose of investments which are improper to keep. *Whitfield,* 682 F.Supp. at 196, *citing, Morrissey v. Curran,* 567 F.2d 546, 548–49 (2d Cir.1977). However, breaches of fiduciary duty allegedly occurring after

the purchase of a trust asset do not toll the statute of limitations for claims of fiduciary breach arising out of a trustee's failure to adequately investigate the merits of an asset prior to purchase. *Cf., Arakelian v. National Western Life Insurance Company,* 680 F.Supp. 400, 403 (D.D.C.1987) (continuing violations do not toll ERISA's statute of limitations), *citing, Fink,* 772 F.2d at 956–58.

■■■ Here, counts II, IV, V, VI and VII of plaintiffs' complaint contain no factual allegations tending to show that defendants breached their fiduciary duty in connection with the administration or monitoring of the BioNexus, Charlton, Basics, and Dain assets. Liberally construed, the factual allegations contained in these counts relate solely to an alleged failure by defendants to reasonably investigate the merits of the BioNexus, Charlton, Basics, and Dain investments prior to purchase. Plaintiffs appear to challenge defendants' activities in connection with the management of these assets for the first time in plaintiffs' responsive memorandum to defendants' motions for summary judgment. In this memorandum, plaintiffs allege, in essence, that the challenged investments declined substantially in value during defendants' trusteeship, causing the trust to incur loss. However, allegations that particular assets declined in value are, standing alone, insufficient to state a claim of fiduciary breach under ERISA.[14] The court will grant defendant's motion for summary judgment on those counts of plaintiffs' complaint relating to the BioNexus, Charlton, Basics, and Dain investments.

### 3.

■■■ Defendants also move for summary judgment on count I and part of count VII of plaintiffs' complaint concerning the RSP III investment. Defendants argue

---

**13.** Plaintiffs do not dispute that the purchase of each of the challenged investments occurred no later than the following dates: BioNexus—April 19, 1982; Charlton—September 22, 1983; Basics—October 29, 1982; Dain—May, 1983. As noted earlier, plaintiffs commenced this action by filing a complaint on November 17, 1989.

**14.** *American Communications Association, Local 10, I.B.T. v. Retirement Plan for Employees of RCA Corp.,* 488 F.Supp. 479, 483 (S.D.N.Y.1980), *aff'd,* 646 F.2d 559 (2d Cir.1980) (fact that portfolio declines in value does not by itself establish imprudent management).

that plaintiffs' negligence and the fraudulent activities of the RSP III principals (as opposed to defendants' alleged breaches of fiduciary duty) operate as superseding causes to relieve defendants of liability. Plaintiffs respond that defendants have failed to present any admissible evidence of negligence or fraud by third parties.

To establish liability under ERISA for a breach of fiduciary duty, "a causal connection is required between the breach of fiduciary duty and the losses incurred by the plan." *Brandt v. Grounds,* 687 F.2d 895, 989 (7th Cir.1982). However, the court is uncertain how to allocate the burden of proof on the issue of causation. *Whitfield v. Lindemann,* 853 F.2d 1298, 1304–05 (5th Cir.1988), *cert. denied, Klepak v. Dole,* 490 U.S. 1089, 109 S.Ct. 2428, 104 L.Ed.2d 986 (1989).

> [Some courts] hold that, once the existence of a loss has been established, the burden is on the trustee to show that there was no causal relation between his breach and the loss, i.e., that the loss would have occurred regardless of the breach. However, there is also authority that it is the plaintiff's duty to prove a causal connection between the breach and the loss, particularly where the party sought to be held is not a named trustee.

*Id.* (citations omitted).

The court assumes, *arguendo,* that defendants bear the burden of demonstrating causation. Plaintiffs have submitted evidence tending to show that defendants breached their fiduciary duty by failing to reasonably investigate the merits of the RSP III venture prior to investing. Defendants challenge plaintiffs' evidence by submitting affidavit and deposition testimony as well as exhibits probative of a reasonable inquiry. Viewing this evidence in the light most favorable to the non-moving party (plaintiffs in this instance), the court is unable to conclude as a matter of law that defendants conducted a reasonable inquiry prior to investing in RSP III. Further,

plaintiffs have offered evidence tending to show that defendants' alleged failure to conduct reasonable investigation caused the trust to suffer loss. *See, e.g.,* Affidavit of Theodore Timm [clerk's entry 44].

Defendants do not dispute the nexus between their alleged failure to reasonably investigate RSP III and losses incurred by the trust. Instead, defendants argue that plaintiffs' negligence and fraudulent activity by the RSP III principal, Avy Stein ("Stein"), are "superseding" causes which operate to relieve defendants of liability.[15] Defendants describe plaintiffs' activities relating to the RSP III investment in an effort to show that plaintiffs' conduct was negligent. For example, defendants claim that plaintiffs failed to reasonably monitor the investment after their appointment as trustees and that plaintiffs failed to act promptly upon discovering that Stein had breached the terms of the partnership agreement. According to defendants, Stein improperly shifted assets and utilized partnership proceeds for his personal benefit.

Defendants have not cited, and the court is unable to find, authority applying the principle of superseding cause to an ERISA case. The court assumes, without deciding, that the principle of superseding cause applies. However, the court will deny defendants' motion. As noted earlier, genuine issues of material fact exist concerning whether defendants' investigation into the RSP III investment was reasonable. Fact questions precluding summary judgment also exist concerning whether reasonable investigation would have made Stein's allegedly fraudulent activities foreseeable. Defendants have likewise failed to show that, as a matter of law, plaintiffs were negligent or breached their fiduciary duties in connection with the monitoring and administration of the RSP III investment.

### 3.

Finally, defendant Weldon moves for summary judgment with respect to counts II, IV, V, VI, and part of count VII on the

15. Defendants' citation to the Minnesota Comparable Fault Statute, Minn.Stat. § 604.01, for the principle that "a plaintiff [must] establish that the defendant's negligence or fault was greater than the plaintiff's" clarifies defendants' position. However, this statute likely does not apply in actions based upon ERISA. *See, Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987).

ground that he was not a fiduciary when the assets were purchased. The court finds it unnecessary to address this motion as the court earlier granted defendants' motion for summary judgment with respect to these same counts on the ground that they were barred by ERISA's statute of limitations.

### Conclusion

Based upon the files, briefs, and arguments of counsel,

IT IS ORDERED that:

1. Plaintiffs' motion to strike affidavits is DENIED;

2. Plaintiffs' motion for partial summary judgment is DENIED;

3. Defendants' motion for summary judgment on counts II, IV, V, VI, and part of count VII relating to the BioNexus, Charlton, Basics, and Dain investments based upon the statute of limitations is GRANTED;

4. Defendants' motion for summary judgment on count I and part of count VII relating to the RSP III investment based upon the issue of proximate cause is DENIED;

5. Defendant Weldon's motion for summary judgment on counts II, IV, V, VI, and part of count VII relating to the BioNexus, Charlton, Basics, and Dain investments is DENIED as moot.